IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-02074-LTB-KLM

PHILLIP MILLER,

     Plaintiff,

v.

PATRICIA A. HALLISEY, and
JAMES HARTMANN,

     Defendants.

_____

ORDER
_____

     This case is before me on Plaintiff's Objection to Notice of Removal and Request for Remand to State Court [Doc # 10].  After consideration of the objection, related pleadings, and the case file, I deny Plaintiff's request for remand as set forth below.

## I.  Background

     Plaintiff commenced this action in Jefferson County District Court on July 20, 2007. Plaintiff's Complaint and Jury Demand states claims against Defendants for interference of contract; false statements; libel per se; libel per quod; and slander per quod.  Plaintiff's claims arise out of the termination and proposed reinstatement of his employment with the U.S. Department of Interior, National Business Center, where Defendants were also employed.

     The United States filed a Notice of Removal of Plaintiff's case to this Court on October 4, 2007.  Removal was predicated on 28 U.S.C. § 2679(d)(2), which provides that '[u]pon certification by the Attorney General that the defendant employee was acting within the scope of

his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed ... to the district court for the district and division embracing the place in which the action or proceeding is pending." The United States' Notice of Removal was accompanied by a Certificate of Scope of Employment from the United States Attorney, as delegate of the Attorney General, stating that Defendants were acting within the scope of their employment as employees of the United States at the time of the incidents alleged in the Complaint.

Plaintiff seeks to remand this case back to the Jefferson County District Court on the basis that Defendants were not acting within the scope of their employment at the time of the actions which give rise to Plaintiffs' claims notwithstanding the United States Attorney's certification to the contrary and that this Court therefore lacks subject matter jurisdiction over his claims. Plaintiff also argues that the United States cannot be held liable for the claims it has asserted against Defendants under the Federal Tort Claims Act (the "FTCA").

## II.  Analysis

In addition to the language quoted above, Section 2679(d)(2) of the Westfall Act provides that the Attorney General's certification thereunder "shall conclusively establish scope of office or employment for purposes of removal." In *Osborn v. Haley,* — U.S. —, 127 S. Ct. 881, 888-889 (2007), the Supreme Court held that this unambiguous language vested exclusive jurisdiction to adjudicate the case with a federal district court once certification and removal have been effected and that a district court may not remand the case to the state court. If Plaintiff is nonetheless correct that the United States Attorney's certification is inaccurate, the appropriate recourse is to allow Plaintiff to proceed to trial in this Court against Defendants in their individual capacities.

*Id.* at 894.  This determination need not be made at this time, however, since it is irrelevant to the objection before me.  I also need not analyze at this time whether Plaintiff's claims are precluded against the United States under the FTCA since this question is likewise irrelevant to the determination of the proper forum for the adjudication of Plaintiff's claims.

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Objection to Notice of Removal and Request for Remand to State Court [Doc # 10] is DENIED.

Dated: October   18  , 2007 in Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE